UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHARON B. POLLOCK,

                            Plaintiff,

                                                                                               DECISION AND ORDER

                                                                                                06-CV-6370L

                        v.

THE BARBOSA GROUP, INC., et al.,

                            Defendants.
_____

       In connection with a New York State action pending in Genesee County Supreme Court, plaintiff obtained a judicial subpoena *duces tecum* against non-party officials from the Buffalo Federal Detention Facility, a federal entity. The Government opposed the issuance of the subpoena in state court and also removed proceedings concerning enforcement of the subpoena to this court, pursuant to 28 U.S.C. § 1442(a). Pending before the Court is plaintiff's motion to remand back to Genesee County Supreme Court.

       Because one of the named defendants in the state court action, The Barbosa Group, Inc., filed for bankruptcy, issues have arisen relative to the automatic stay under 11 U.S.C. § 362(a) and whether such stay is limited to the named debtor or other defendants in the action.

       Issues relating to the stay are not now before this Court and should be raised and resolved in the Genesee County Supreme Court, where the action is pending. What is before this Court is plaintiff's motion to remand this discovery dispute back to Genesee County Supreme Court.

The Government has not responded to the motion to remand, taking the position that all proceedings in connection with the Genesee County Supreme Court action are covered by the automatic stay. Again, whether such is the case is not for this Court to determine. Rather, I intend to conduct proceedings on plaintiff's motion to remand.

Therefore, I will give the Government 20 days from issuance of this Decision and Order to respond to plaintiff's motion to remand. In its response, the Government should include discussion of the following:

1. The Government's authority for removing this discovery dispute from state court;

2. The effect, if any, of the Government's failure to appeal the Supreme Court's decision denying the Government's motion to quash;

3. Whether United States Magistrate Judge Jonathan W. Feldman's Order of February 26, 2005, granting plaintiff's request for documents in the then-pending federal action should not control this discovery dispute. Are these proceedings sufficiently related that Magistrate Judge Feldman's order constitutes the law of the case?

The Court will determine upon receipt of submissions whether oral argument is necessary. In addition, the parties are reminded of their obligation to inform this Court as to any change in the state court action, including any determination by that court as to whether proceedings there should be stayed based on the Barbosa bankruptcy petition or for other reasons.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      October 31, 2006.