UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHARON B. POLLOCK,

                              Plaintiff,

                                                                                        <u>DECISION AND ORDER</u>

                                                                                         06-CV-6370L

                              v.

THE BARBOSA GROUP, INC.,


                              Defendant.
_____

     In connection with a New York State action pending in Genesee County Supreme Court, plaintiff obtained a judicial subpoena *duces tecum* against three non-party federal agencies, the Department of Homeland Security, the General Services Administration, and the Internal Revenue Service. The agencies moved to quash the subpoena in state court, which motion was denied by Acting New York State Supreme Court Justice Robert C. Noonan on July 6, 2006. The agencies then removed the proceedings concerning enforcement of the subpoena to federal court pursuant to 28 U.S.C. § 1442(a).

     Plaintiff now moves to remand the subpoena enforcement proceeding back to state court. (Dkt. #2).[1] Plaintiff's motion is denied. For the reasons discussed below, I find that the action was

---

[1] On October 31, 2006, I ordered the Government to respond to plaintiff's motion to remand, and to address several questions regarding certain issues related to a previously-dismissed federal court action between related parties, *Pollock v. Reno, et al.*, 00-CV-6511L(F).
                                                                                        (continued...)

properly removed to federal court pursuant to 28 U.S.C. § 1442(a)(1). Nevertheless, I find that the action should be dismissed.

**DISCUSSION**

Plaintiff argues that there was no basis for removal in this case, that the agencies have no sovereign or other immunity that would act as a bar to responding to the subpoena, and that the Department of Homeland Security has been ordered to produce the very same documents in the prior federal court action.

I disagree with plaintiff regarding the legal basis for removal, and find that the other arguments raised are not determinative of the pending motion.

**A.  Removal under 28 U.S.C. § 1442**

28 U.S.C. § 1442(a)(1) allows for removal to a federal district court of any "civil action . . . commenced in a State court" against "[t]he United States or any agency thereof . . . , sued in an official or individual capacity for any act under color of such office . . . ."  Plaintiff argues that removal is improper because no federal agency is named as a defendant in the pending state court

---

[1](...continued)
The parties also were instructed to inform the Court of any change in the status of the state court action, including any determination by Justice Noonan that the case was subject to an automatic stay pursuant to 11 U.S.C. § 362(a) based on the fact that, after removal, The Barbosa Group, Inc. filed a petition for bankruptcy in Texas.

Both parties recently notified the Court that on March 5, 2007, Justice Noonan issued a Decision and Order denying the Government's motion to stay the subpoena enforcement proceeding. Although Justice Noonan acknowledged that the "main action" before him was automatically stayed under § 362, he held that "discovery against a nonparty is not encompassed by the statutory stay (*see, e.g.*, *Constitution Bank v. Levine*, 151 F.R.D. 278; *In re Barsky*, 11 B.R. 478)." (Dkt. #12, ex. 1). Plaintiff's motion to remand, therefore, is now ripe for determination.

action. She also argues that a subpoena enforcement proceeding is not an "action" within the meaning of § 1442(a)(1). I disagree with plaintiff on both points.

Section 1442(a)(1) confers removal jurisdiction over a proceeding to enforce a subpoena issued by a state court where removal is "predicated on the allegation of a colorable federal defense." *Mesa v. California*, 489 U.S. 121, 129 (1989); *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 414-15 (D.C. Cir. 1995) (removal jurisdiction exists under § 1442(a) where Congressmen claimed immunity from state court subpoena based on the Speech or Debate Clause of the U.S. Constitution); *see also Smith v. Cromer*, 159 F.3d 875 (4th Cir. 1998) (case removed pursuant to § 1442(a) where Department of Justice employees refused to testify in response to state court subpoena); *Edwards v. United States Dep't of Justice*, 43 F.3d 312 (7th Cir. 1994) (case removed pursuant to § 1442(a) where Department of Justice refused to produce FBI surveillance reports in response to state court subpoena).

Here, there can be no dispute that a colorable federal defense has been raised by the agencies. The agencies claim that sovereign immunity and "federal confidentiality laws" are defenses to the production of the documents subpoenaed. (Dkt. #11, at p.11). Importantly, removal jurisdiction is not contingent on the ultimate merits of the federal defense asserted. That would defeat the purpose of the removal statute, which is to "ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties." *Arizona v. Manypenny*, 451 U.S. 232, 241 (1981). All that is required under § 1442 is a "colorable" or "plausible" federal defense. *United States v. Todd*, 245 F.3d 691, 693-94 (8th Cir. 2001) ("For a defense to be considered colorable, it need only be plausible; § 1442(a)(1) does not require a court to hold that a defense will be successful before removal is appropriate."); *accord Willingham v. Morgan*, 395 U.S. 402, 406 (1969).

Plaintiff's arguments as to why the agencies' federal defenses lack merit, therefore, are not dispositive of the motion to remand.

Moreover, the fact that the federal agencies themselves are not named parties in the state court case does not defeat removal jurisdiction.  Removal under § 1442(a)(1) is available when a federal agency or officer is also a non-party. *See, e.g., Brown & Williamson*, 62 F.3d at 413-14 (non-party Congressmen, who were subpoenaed in state court civil action, properly removed case to federal court); *Smith*, 159 F.3d at 877 (non-party subpoena issued to employees of the Department of Justice); *Edwards*, 43 F.3d at 313 (same); *see also* 16 *Moore's Federal Practice*, § 107.15[1][b][iii] (Matthew Bender 3d ed.) ("[F]ederal officers that are not named as parties may remove actions [under § 1442(a)(1)] that interfere with the performance of their duties.").

Furthermore, removal of an action pursuant to § 1442(a) normally brings to federal court the *entire* action. "However, proceedings to enforce a subpoena against a federal officer may be determined to be ancillary to the state court action, such that the subpoena proceedings are removable but the underlying civil action remains in state court." 16 *Moore's Federal Practice*, §107.15[1][b][v] (Matthew Bender 3d ed.); *see also Boron Oil Co. v. Downie*, 873 F.2d 67 (4th Cir. 1989).

Accordingly, plaintiff's motion to remand (Dkt. #2) is DENIED.  The subpoena enforcement proceeding against the three agencies was properly removed to this Court pursuant to § 1442(a)(1).

**B.  Dismissal is Warranted**

Although these proceeding were properly removed, the Court's jurisdiction under § 1442 is limited.  In *Smith v. Cromer*, 159 F.3d at 878, a case with nearly identical issues to the one at bar, the Fourth Circuit explained that:

> [A] federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction, *and where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal*, even though in a like suit originally brought in federal court, the court would have had jurisdiction. *Boron*, 873 F.2d at 70. (emphasis supplied).

In *Smith*, the Fourth Circuit affirmed the order of the district court granting the Government's motion to quash state court subpoenas issued to Department of Justice employees for documents and their testimony and dismissing the action. The Court reasoned that "[w]here an agency has not waived its immunity to suit, the state court (and the federal court on removal) lacks jurisdiction to proceed against a federal employee acting pursuant to agency direction." *Id.* (citing *Boron*, 873 F.2d at 69).

Courts have dismissed numerous proceedings to enforce subpoenas removed to federal court for this same reason. *See, e.g., U.S. v. Williams*, 170 F.3d 431, 433 (4th Cir.1999) (dismissing subpoena enforcement proceeding removed to federal court based on lack of jurisdiction); *Boron Oil Co.*, 873 F.2d at 70 (same); *Santini v. Herman*, 456 F.Supp.2d 69 (D.D.C. Oct. 17, 2006) (same); *In re Washington Consulting Group v. Monroe*, No. 00MS141, 2000 WL 1195290 (D.D.C. July 24, 2000) (same).

The Court, therefore, lacks jurisdiction to enforce the subpoena issued by Justice Noonan and to compel the Department of Homeland Security, the General Services Administration, and the Internal Revenue Service to release records concerning matters within the scope of the subpoena. To do so, there must be a express waiver of sovereign immunity. *See In re S.E.C. ex rel. Glotzer*, 374 F.3d 184, 190 (2d Cir.2004) ("Absent a waiver of sovereign immunity, a federal agency, as representative of the sovereign, cannot be compelled to act.") (internal quotation marks omitted).

The three agencies named in the subpoena issued by Justice Noonan have not waived their immunity from suit. To the contrary, these agencies have adopted regulations pursuant to the Federal Housekeeping Statute, 5 U.S.C. § 301, regarding "the custody, use, and preservation of its records, papers, and property." *See* 6 C.F.R § 5.41 *et seq.* (Department of Homeland Security); 41 C.F.R. § 105-60.00 et seq. (General Services Administration); 26 C.F.R. § 301.9000-1 (Internal Revenue Service). Known as their "*Touhy*" regulations, based on a Supreme Court case of the same name, *see United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), such regulations have been recognized as a valid exercise of the agencies' authority to restrict the disclosure of departmental records. *See Boron Oil Co.*, 873 F.2d at 69.

A party seeking release of records from a federal agency must comply with the agency's *Touhy* regulations by making a proper demand, exhausting any administrative remedies, and otherwise following the directives established by the agency. Once the requisite steps have been taken, and the agency issues its "final" determination regarding the release of records, a dissatisfied party may seek redress by filing an action in federal court under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq*. to review the agency's decision.

In the instant case, the Government claims that plaintiff has not complied with the agencies' *Touhy* regulations, but it has not specified how that is so. The Government requests that the Court "direct the plaintiff to make specific application for the release of these records to the individually affected agencies." (Dkt. #11, p. 19). On removal, however, the Court lacks the jurisdiction the determine whether plaintiff has complied with the pertinent regulations. Nor can the Court determine whether the agencies are improperly withholding documents.

Plaintiff's only recourse is to comply in all respects with the agencies' respective *Touhy* regulations and, if necessary, file an action in federal court under the APA if the agencies refuse to release the documents. *See Williams*, 170 F.3d at 433; *Santini*, 456 F.Supp.2d at 71-72. Pursuant to § 706 of the APA, a federal court may "hold unlawful and set aside agency action, findings, and conclusions" if it finds them to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(a). Section 706(a) also vests a federal court with the authority "to compel agency action unlawfully withheld or unreasonably delayed." On removal under § 1442, however, this Court lacks the same authority to do so. *See Houston Business Journal, Inc. v. Office of the Comptroller*, 86 F.3d 1208 (D.D.C. 1996) (federal court on removal lacked subpoena power to order production of documents from federal agency); *Boron Oil Co.*, 873 F.2d at 70 (finding that, under *Touhy*, federal agencies may determine whether to release records, and that "[t]he doctrine of sovereign immunity precludes the state court--and the federal court which gained limited jurisdiction upon removal--from exercising jurisdiction to compel [a federal agency] to [release records] contrary to [the agency's] instructions").

CONCLUSION

Plaintiff's motion to remand (Dkt. #2) is denied. Because this Court lacks jurisdiction on the merits, the action is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 19, 2007.